**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

<u>VIA ECF</u>
Honorable Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

August 3, 2021

**MEMO ENDORSED**

Re:   Early Termination of Supervised Release
      <u>*United States v. Michael Diaz*, 21-cr-00204-LTS</u>

Dear Chief Judge Swain,

  I write on behalf of my client, Michael Diaz (né William Romero), to respectfully request the early termination of his term of supervised release. Neither Probation nor the Government object to the request.

  Mr. Diaz was released from custody on July 29, 2020 and has been on supervised release since that time. He is on the low/moderate risk caseload. Although Mr. Diaz's term of imprisonment was reduced following his motion for compassionate release, his term of supervised release was not, such that his term of supervised release is set to expire on July 29, 2030. For the reasons stated below, such a long term of supervised release is no longer appropriate.

  After spending nearly 28 years incarcerated for a drug offense, Mr. Diaz returned home at the age of 51 in the middle of a global pandemic. Despite these challenges, Mr. Diaz has thrived. Supported by his large and tight-knit family in New York City, Mr. Diaz has learned how to use a smart phone and obtained his ID. He has secured full-time work, first at a bagel factory and now for H & D Maintenance in Long Island City, a construction company. He has obtained a 10-hour OSHA certification to facilitate his transition into the construction industry. He continues to live with his aunt and uncle, and regularly visits with his siblings, cousins, nieces, and nephews. He has reunited with his childhood sweetheart and together they attend church and walk her dog around the neighborhood.

  Always focused on helping others, Mr. Diaz has also obtained his prison chaplain certification (issued by the International Police Chaplain Association) so that he can return to prison to support others in their healing journey. Mr. Diaz also volunteers at his church along with his partner, distributing food to the needy on Saturdays. Mr. Diaz's older sister is very ill, and he is grateful to have returned home in time to help care for her. He did not have the same opportunity with one of his younger sisters, who passed away from COVID-19 shortly before he returned home. Both of his parents also passed away while he was incarcerated, heightening the importance of being with his family now and making up for lost time.

Hon. Laura Taylor Swain                                                                    August 3, 2021
Chief United States District Judge                                                          Page 2

**Re:    Early Termination of Supervised Release**
       <u>*United States v. Michael Diaz*, 21-cr-00204-LTS</u>

      Mr. Diaz is fully compliant with the terms of his supervision. Supervisory Probation Officer Elisha Rivera, assigned to his case, speaks highly of him. Her evaluation is consistent with the views of Bureau of Prisons staff during Mr. Diaz's decades of incarceration prior to coming home. Even though Mr. Diaz was sentenced in 1993 at the young age of 23 to a life sentence, he made good use of his time. When he petitioned for compassionate release in 2020, his petition was not only unopposed by the government, but it was also accompanied by *eight* letters of support from Bureau of Prisons staff, representing a variety of departments and facilities ranging from food services to healthcare to Receiving and Discharge. Their confidence in Mr. Diaz was not misplaced, as he has excelled since returning home. The original ten year supervised release term imposed — on top of a life sentence — does not reflect who Mr. Diaz is now at the age of 52. He is a hard-working and generous family man who has paid his debt to society and is rehabilitated.

      The Court may terminate an individual's supervised release "at any time after the expiration of one year … if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, courts are directed to consider "the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)," essentially the same factors a court considers at sentencing. 18 U.S.C. § 3583(e).1

      "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends ..." *United States v. Johnson,* 529 U.S. 53, 59 (2000). Mr. Diaz's performance on supervision makes clear that he has successfully reintegrated to his community. As both Probation and the government recognize, the termination of his supervision will allow him to truly put this case behind him after almost three decades and live fully integrated into his community.

---

1  A court is not required to find "exceptional" circumstances to order early termination. That language does not appear in the statute. *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), is often cited for this language. However, *Lussier*'s holding concerns the legality of modifying a restitution order post-sentencing. The court did not hold that exceptional circumstances were required for early termination - the only mention of such an idea is when the court noted, in passing, that "[o]ccasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. To the extent that the Court determines it must find exceptional or changed circumstances here, it should find them based on Mr. Diaz's full compliance, employment, volunteer work, and strong family ties, in addition to the grounds that the D.D.C. found to grant compassionate release.

Hon. Laura Taylor Swain          August 3, 2021
Chief United States District Judge          Page 3

**Re:** **Early Termination of Supervised Release**
       *United States v. Michael Diaz*, 21-cr-00204-LTS

Thank you for your time and consideration of this matter.

       Respectfully submitted,
       */s/ Peggy Cross-Goldenberg*
       Peggy Cross-Goldenberg
       Supervising Trial Attorney
       Federal Defenders of New York
       (646) 588-8323
       Peggy_cross-goldenberg@fd.org

       */s/ Natasha Baker*
       Natasha Baker
       */s/ Phil Telfeyan*
       Phil Telfeyan
       Equal Justice Under Law
       400 7th St. NW, Suite 602
       Washington, D.C. 20004
       (202) 922-6863
       nbaker@equaljusticeunderlaw.org
       ptelfeyan@equaljusticeunderlaw.org

CC:     AUSA Camille L. Fletcher
         USSPO Elisha Rivera

The Court has considered the factors set forth in 18 U.S.C. section 3553(a), see 18 U.S.C. section 3583(e), and concludes that early termination of Mr. Diaz's supervised release is in the interest of justice and warranted by Mr. Diaz's conduct in and after his release from custody, as set forth above and in the record of Mr. Diaz's case in the District of Columbia, see United States v.Diaz, No. 1:92-cr-00331 (D.D.C.). Mr. Diaz's supervised release term is hereby terminated as of Friday August 6, 2021.  The Court congratulates Mr. Diaz and wishes him and his family well.
SO ORDERED.
8/4/2021
/s/ Laura Taylor Swain, Chief USDJ